St. Louis Southwestern Railway Company *v.* Bradley.

Opinion delivered June 5, 1911.

Carriers—duty to protect passengers.—A verdict against a railroad company for damages for personal injuries growing out of the failure of the trainmen to protect a passenger from a drunken fellow passenger will be sustained by evidence that the conductor knew that such fellow passenger was drunk and giving annoyance, and failed to protect plaintiff from an assault by him.

Appeal from Craighead Circuit Court; *Frank Smith,* Judge; affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

*Basil Baker,* for appellee.

The conductor had authority under the law to arrest Ellis' when he found him to be in a drunken condition. Acts 1909, p. 99. Knowing him to be drunk, it was the conductor's duty to protect the other passengers from annoyance by him.

McCULLOCH, C. J.   The plaintiff, Theyer Ula Bradley, is an infant of very tender years, and sues to recover damages for personal injuries inflicted by an intoxicated fellow-passenger while she was riding on one of defendant's trains.   She was a passenger with her parents on the train, and one Ellis, a fellow-passenger, who sat immediately behind them in the coach, repeatedly placed his feet on the seats occupied by plaintiff and her parents. The evidence tended to show that he was intoxicated to a considerable extent, and disregarded the remonstrance of the other passengers as to his conduct.   According to the testimony, after he had been required to remove his feet from the back of the chair a time or two, he threw them up again on the back of the chair, and one of them came down with great force and struck the plaintiff's head, inflicting personal injuries, which resulted in considerable suffering.   The jury returned a verdict in favor of the plaintiff, fixing a small amount of damages, from which the defendant appealed.

The only contention as grounds for reversal is that the evidence is insufficient to support a finding that the servants of the defendant in charge of the train were guilty of negligence in failing to give protection to the plaintiff.   We are of the opinion, however, that there is evidence to sustain the verdict.   It tends to establish the fact that the conductor knew that Ellis was intoxicated and was giving annoyance to plaintiff's parents, and that he failed to take proper steps to protect them against the drunken passenger.

The judgment is therefore affirmed.